**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JOSEPH ESPOSITO )<br><br>Plaintiff, )<br><br>v. )<br><br>UFC CARRIERS LLC AND )<br>GRANE TRANSPORTATION INDUSTRIES )<br><br>Defendants. ) | 10 cv 3915 |

## COMPLAINT AT LAW

Plaintiff, Joseph Esposito (hereinafter "Esposito"), by and through his attorneys, Svenson Law Offices, brings this Complaint against Defendants UFC Carriers LLC (hereinafter "UFC Carriers") and Grane Transportation Industries (hereinafter "Grane"), jointly and severally, as follows:

## NATURE OF ACTION

1. This is an action for damages and injunctive relief caused by Defendants' unlawful termination of Plaintiff in violation of Section 102 of the Americans with Disabilities Act (hereinafter "ADA"), 42 U.S.C.§ 1212(a), and for unlawful retaliation against Defendants in violation of the ADA, 42 U.S.C. § 12203.

## JURISDICTION AND VENUE

2. Esposito has fulfilled all the conditions precedent to the institution of this action. On November 27, 2009, he filed a timely charge with the United States Equal Employment Opportunity Commission (hereinafter "EEOC") and on or about March 25, 2010, his attorney received a Right to Sue Letter from the EEOC. This Complaint at Law is being filed within 90 days of receipt of Notice of Right to Sue.

3. This court has jurisdiction of this action under 28 U.S.C. §1331 and 42 U.S.C § 12117.

4. Venue is proper in this judicial district as the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

## PARTIES

5. Plaintiff, Joseph Esposito, is a male resident of DuPage County, Illinois. He was employed by both Defendants jointly from March 19, 2007 to November 20, 2009. Plaintiff was an "employee" of both Defendants within the meaning of 42 U.S.C. § 12111(4) at the time he was terminated.

6. Defendant UFC Carriers LLC is a corporation headquartered in the State of Illinois, engaged in an industry affecting commerce with offices located at 950 25th Avenue, Bellwood, IL 60104-2203. UFC Carriers LLC is defined as an employer by Section 101 of the ADA, 42 U.S.C. § 12111(5).

7. Defendant Grane Transportation Industries is a corporation headquartered in the State of Illinois, engaged in an industry affecting commerce with offices located at 1011 S. Laramie, Chicago IL 60644. Grane Transportation Industries is defined as an employer by Section 101 of the ADA, 42 U.S.C. § 12111(5).

## FACTUAL ALLEGATIONS

8. Plaintiff has a physical condition that substantially limits several of his major life activities, including but not limited to his ability to walk.

9. Specifically, Plaintiff has two reconstructed legs which cause him extreme pain while walking, among other activities. His right leg in particular has nerve damage and chronic arthritis, and he suffers from a limp and a dropped right foot. These injuries stem from a motorcycle accident over ten years ago.

10. Plaintiff is a qualified individual with a disability.

11. Plaintiff was hired by Grane on or about March 19, 2007 as a truck driver. Throughout his employment, he has always performed his job well.

12. Defendants knew of Plaintiff's disability.

13. On or about December 2008, Petitioner was terminated by Rob Newman, operations manager of Grane for allegedly stealing property from a client.

14. Esposito filed a grievance through his union representative for unjust termination. On June 25, 2009, it was determined by an arbitrator that Esposito was not terminated for just cause, and was reinstated to his previous position with full back pay, benefits and no loss of seniority.

15. Esposito was reinstated to his previous position as truck driver in July 2009.

16. Around the time of Esposito's reinstatement, Grane claimed to lease the drivers, including Esposito, from UFC Carriers.

2

17. UFC Carriers claimed to employ the drivers at this time, including Esposito.

18. Newman's title shifted from Operations Manager of Grane to Manager of UFC Carriers.

19. Yet, the drivers continued to be directed and instructed by personnel and dispatchers of Grane. In addition, they were required to punch in and out at Grane's office at 1011 S. Laramie on a daily basis, and attend their safety meetings.

20. Upon arrival to the parking lot to begin the day, the truck drivers were not permitted to park their cars near the trailer that they would be utilizing for the day.

21. Because of his disability, Esposito occasionally temporarily parked his car near his trailer to move personal belongings into his trailer more easily.

22. Esposito was written up for parking his car near the trailer, or moving the trailer near his car.

23. Many other non-handicapped drivers were conducting similar activity without being written up.

24. Esposito requested a handicapped parking spot so that he could move his belongings into the trailer.

25. Mr. Newman refused his request for a handicapped parking spot.

26. Mr. Esposito requested that the bathrooms be made handicapped accessible.

27. Mr. Newman refused to make the bathrooms handicapped accessible.

28. Since the reinstatement in July 2009 until the time of Esposito's termination, Newman made numerous comments indicating that Esposito is a "piece of shit" and he wanted to "get" Esposito.

29. In October 2009, Mr. Newman issued a warning letter to Esposito for an alleged incident for which Esposito served a two day suspension.

30. On November 23, 2009, Mr. Newman terminated Esposito for allegedly violating company policy.

31. Defendants' stated reasons for Plaintiff's termination are pretext for unlawful discrimination.

32. As a direct and proximate result of said acts, Plaintiff has suffered and continues to suffer loss of income, loss of other employee benefits, and has suffered and continues to suffer distress, expenses and damage to his reputation.

33. The aforementioned acts and conduct of Defendants were intentional, willful, wanton, malicious and outrageous, warranting the imposition of punitive damages under the ADA.

## COUNT I – AMERICANS WITH DISABILITIES ACT (against both Defendants)

34. Plaintiff incorporates paragraphs 1 through 33, as if fully rewritten herein.

35. Plaintiff's physical condition of chronic arthritis and nerve damage of the right leg, and dropped foot substantially limits several of his major life activities including, but not limited to, his ability to walk.

36. Plaintiff performed all of the essential functions of the truck driver position while working for Defendants, and is a qualified individual with a disability as defined by the ADA.

37. Defendants knew about Plaintiff's disability.

38. On or about November 23, 2009, Defendants terminated Plaintiff on the basis of his disability in violation of the ADA.

39. Defendants stated reason for Plaintiff's termination is pretext for unlawful discrimination under the ADA.

40. Prior to terminating Plaintiff, Defendants failed to engage in the interactive process to discuss a reasonable accommodation with Plaintiff, and discriminated against him because of his disability.

41. As a direct and proximate result of said acts, Plaintiff has suffered loss of employment, loss of income, loss of other employee benefits, and has suffered and continues to suffer distress, expenses and damage to his reputation.

42. The aforementioned acts and conduct of Defendants were intentional, willful, wanton, malicious and outrageous, warranting the imposition of punitive damages under the ADA.

## COUNT II - RETALIATION (against both Defendants)

43. Plaintiff incorporates paragraphs 1 through 42 as if fully restated herein.

44. Esposito complained to his supervisor, Rob Newman, about the lack of accommodation given to him in light of his disability.

45. Instead of providing Esposito with reasonable accommodation, Mr. Newman continually made comments about "getting rid" of Esposito.

46. Newman also made comments that Esposito was a "piece of shit" because of his disability.

47. Defendants subjected Esposito to retaliation for complaining about the lack of reasonable accommodation for his physical disabilities and by discharging his employment.

48. As a direct and proximate result of said acts of retaliation, Esposito has suffered and continues to suffer irreparable injury, including loss of income and other benefits, and has suffered and continues to suffer emotional distress, costs, expenses and damage to his reputation.

49. The aforementioned acts and conduct of Defendants were intentional, willful, wanton, malicious and outrageous, warranting the imposition of punitive damages under the ADA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor, and against both Defendants, jointly and severally:

A. Declaring that the acts and practices of Defendants as described herein constitute a violation of the ADA;

B. Enjoining and permanently restraining these violations of the ADA;

C. Directing Defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Esposito's employment opportunities;

D. Awarding Esposito back wages and lost benefits due to Defendants' violations of the ADA;

E. Directing Esposito to reinstate Esposito to his previous position;

F. Awarding Esposito interest on any compensation denied or lost to Plaintiff because of Defendants' unlawful acts;

G. Awarding Esposito compensatory and punitive damages for Defendants' violation of the ADA;

H. Awarding reasonable attorneys' fees and costs incurred by Esposito in connection with the instant action; and

I. Awarding Esposito such further and additional relief as the Court may deem just and proper.

Dated: June 23 2010

Respectfully submitted,

JOSEPH ESPOSITO


By: /s A. Christine Svenson_____
      Attorney for Plaintiff


JURY DEMAND
Plaintiff demands a jury to hear and decide
all issues of fact.

By: /s A. Christine Svenson_____
      Attorney for Plaintiff


Alice Christine Svenson, #6230370
Svenson Law Offices
505 N. LaSalle Street
Suite 350
Chicago IL 60654
Tel: 312.467.2900
Fax: 312.467.2902
Email: christine@svensonlawoffices.com

6